UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAH,<br><br>            Petitioner,<br><br>    v.<br><br>DONALD R. HOLBROOK,<br><br>            Respondent. | Case No. C19-1103-JCC-MLP<br><br>REPORT AND RECOMMENDATION |

Petitioner is a Washington state prisoner confined at the Washington State Penitentiary in Wall Walla, Washington, who filed a petition for habeas corpus under 28 U.S.C. § 2241. (Dkt. # 11.) In his petition, Petitioner asserts that he is being illegally confined pursuant to King County Superior Court criminal judgments in case numbers 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA. (*Id.* at 2-5.) Petitioner seeks immediate release from confinement with compensation. (*Id.* at 1.)

Although Petitioner presents his petition as one filed under 28 U.S.C. § 2241, the Court construes the habeas petition as being brought under § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004) (§ 2254 is the exclusive avenue for challenging constitutionality of continued detention by prisoner in state custody pursuant to a state court judgment), overruled on other grounds, *Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

REPORT AND RECOMMENDATION - 1

Petitioner has repeatedly filed federal habeas petitions challenging his state court convictions. *See Allah v. State of Washington*, C02-292 JCC (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Waddington*, C05-434-RSL (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Brunson*, C05-1480-MJP; (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Frakes*, C12-484-TSZ (challenging 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Washington State Supreme Court*, C17-458-RSM (challenging 02-1-02047-6 SEA); *Allah v. Sinclair, et al.,* C19-735-JLR (challenging 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Sinclair, et al.*, C19-902-TSZ (challenging 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *see also Allah v. Robinson*, C14-1234-TSZ; *Allah v. Holbrook*, C16-535-RSL. All of Petitioner's previous challenges have been rejected.

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

As discussed above, this is not the first time Petitioner has filed a federal habeas petition challenging his state court convictions. The Court's records show that the state convictions challenged in Petitioner's instant petition have been final for more than one year, as recently held in *Allah v. Sinclair, et al.,* C19-735-JLR, in which Petitioner's federal habeas petition was

REPORT AND RECOMMENDATION - 2

dismissed as untimely under 28 U.S.C. § 2244(d). *Id.* (Dkt. # 10). Further, Petitioner is not entitled to equitable tolling of the federal statute of limitations as he failed to make any argument as to tolling, let alone establish extraordinary circumstances exist that would warrant tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (the statute of limitations may be equitably tolled only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.). Accordingly, the Court recommends that Petitioner's federal habeas petition, and this action, be dismissed as untimely under 28 U.S.C. § 2244(d) and Habeas Rule 4.[1]

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue… only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ). The undersigned concludes that reasonable jurists would not find it debatable that Petitioner's petition should be dismissed as barred by the statute of limitations. Accordingly, this Court recommends that Petitioner not be entitled to a certificate of appealability with respect to his petition.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed twelve pages.

---

[1] Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.

REPORT AND RECOMMENDATION - 3

1   Failure to file objections within the specified time may affect your right to appeal. Objections

2   should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days

3   after they are served and filed. Responses to objections, if any, shall be filed no later than

4   **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the

5   matter will be ready for consideration by the District Judge on the date that objections were due.

6   Dated this 7th day of August, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4